UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARRELL MARCEV, JR. | * | CIVIL ACTION NO. |
| | * | |
| VS. | * | JUDGE: |
| | * | |
| MOVIE TAVERN THEATRES, LLC, | * | MAG. JUDGE: |
| MARCUS THEATRES CORPORATION, | * | |
| VSS-SOUTHERN THEATRES, AND | * | |
| ZURICH AMERICAN INSURANCE CO. | * | |
| | * | |

*********************************************************

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come the Defendants, Marcus Theatres Corporation and Zurich American Insurance Company, to file this Notice of Removal to the United States District Court for the Eastern District of Louisiana, pursuant to 28 USC §1441(b) ("removal based upon diversity of citizenship") and 28 USC §1446(b)(1) (filed within 30 days of service of Petition):

1.

On December 30, 2020, the Plaintiff Darrell Marcev, Jr. filed suit against Movie Tavern Theatres, LLC, VSS-Southern Theatres, LLC, Marcus Theatre Corporation, and Zurich American Insurance Company. The Petition, along with all state court pleadings filed in the matter, have been attached hereto *in globo* as Exhibit 1.

2.

Plaintiff claims that he was injured after slipping and falling inside of the "Movie Tavern" theatre located at 201 N. Hwy 190, Covington, Louisiana on January 3, 2020. *See* Petition at ¶ III.

3.

On January 19, 2021, Marcus Theatre Corporation was served through its agent for service of process. *See* Case Summary attached here as Exhibit 2.

4.

VSS-Southern Theatres, LLC, was served through its agent for service of process on January 19, 2021. *See* Case Summary attached here as Exhibit 2.

5.

Zurich American Insurance Company was served through the Secretary of State on January 19, 2021. *See* Case Summary attached here as Exhibit 2.

6.

Movie Tavern Theatres, LLC was served its registered agent for service of process on January 19, 2021. *See* Case Summary attached here as Exhibit 2.

7.

The United States District Court for the Eastern District of Louisiana is the federal district court encompassing the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, where the suit was originally filed. Venue, therefore, is proper in this district under 28 USC §1441(a) and 28 USC §98(a).

8.

As set forth in the Petition, Plaintiff is domiciled in the state of Louisiana.

9.

As stated in the Petition, Marcus Theatre Corporation is a foreign corporation doing business in Louisiana. Marcus Theatre Corporation is incorporated in Wisconsin and its principal place of business is in Wisconsin. *See* Affidavit of Robert Bednarski (Exh. 3).

10.

Movie Tavern Theatres, LLC and VSS-Southern Theatres are alleged to be domestic limited liability companies. However, these entities were improperly joined as defendants. In early 2019, the movie theatre assets of the "Movie Tavern" chain, including the Covington theatre at issue, were purchased by companies owned by Marcus Theatres Corporation from Movie Tavern Theatres, LLC and VSS-Southern Theatres, LLC. *See* Aff. Bednarski (Exh. 3). On February 1, 2019, Movie Tavern Theatres, LLC assigned its lease of 201 N. Hwy 190, Covington, Louisiana to MMT Lapagava, LLC, the premises occupied by the Movie Tavern Covington, as reflected by the signed *Assignment and Assumption of Leasehold Interest and Consent of Landlord* attached here as Exhibit 1. *Id.*

11.

MMT Lapagava, LLC is a Wisconsin Limited Liability Company. *See* Aff. Bednarski (Exh. 3). The sole member of MMT Lapagava, LLC is Marcus Midwest, LLC. *Id.* Marcus Midwest, LLC is a Wisconsin limited liability company and its sole member is Marcus Theatres Corporation. *Id.* Marcus Theatre Corporation is incorporated in the State of Wisconsin and has its principal place of business in Milwaukee, Wisconsin. Thus, Marcus Theatres Corporation is a citizen of Wisconsin. Marcus Theatre Corporation filed an Answer in the state court litigation.

12.

As of the time of the accident of Darrell Marcev, Jr. on January 3, 2020, the entities VSS-Southern Theatres, LLC and Movie Tavern Theatres, LLC had no ownership interest

in or control over the "Movie Tavern" business operation, theatre assets, or subject real estate located in Covington, Louisiana. *See* Aff. Bednarski (Exh. 3).

13.

The U.S. Fifth Circuit Court of Appeal has held that the Court may examine a removed action and determine that a non-diverse defendant was improperly joined, dismissing the improperly joined defendant and maintaining federal jurisdiction. *See Melder v. Allstate Corp., et al*, 404 F.3d 328, 332 (5th Cir. 3/16/05); *Flagg v. Stryker Corp.*, 819 F.3d 132, 140 (5th Cir. 3/24/16). Federal courts have jurisdiction to determine their own subject matter jurisdiction. *Flagg* at 136 (citing *In re Transtexas Gas Corp*, 303 F.3d 571, 576-77 (5th Cir. 2002)). The court has the obligation to determine whether a plaintiff has improperly joined a party that defeats federal diversity jurisdiction. *Flagg* at 136 (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907); *Smallwood v. Ill. Cent. R.R. Co*, 385 F.3d 568, 572-73 (5th Cir. 2004)).

14.

Absent evidence of intentionally fraudulent joinder, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Flagg* at 136 (citing *Smallwood* at 573). Further, where the plaintiff's complaint has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry. *Id.* Such a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant. *Id* at 573-74 (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). In this instance, it is undisputed that Movie Tavern Theatres, LLC and VSS-Southern

Theatres, LLC ceased its financial, ownership, and business interests in the location where Mr. Marcev slipped and fell prior to his fall.  Only Marcus Theatre Corporation, through its subsidiary companies, leased and operated the movie theatre.  There can be no possible liability on the *former* owner of a movie theatre business for a slip-and-fall claim.  Plaintiff's theory of liability rests entirely upon the defendants having care, custody or control over the floors inside of the movie theatre. Thus, VSS-Southern Theatres, LLC and Movie Tavern Theatres, LLC should be dismissed.

15.

Plaintiff has alleged that Zurich American Insurance Company is a foreign insurance company authorized to do business in the state of Louisiana. *See* Petition at ¶1(d)).  Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation and which has its principal place of business in Illinois.  *See* Corporate Disclosure Statement in another EDLA matter (Exh. 4); Delaware Secretary of State Printout (Exh. 5).

16.

Because the Plaintiff is a citizen of Louisiana and the Defendants are citizens of Wisconsin (Marcus) and Delaware/Illinois (Zurich), the requirements for diversity jurisdiction have been met. Further, the amount in controversy here is above the $75,000 threshold required by 28 USC §1332(a). Mr. Marcev claims that his fall caused him to injure his knee and back. *See* Petition at ¶ V. On July 14, 2021, the Plaintiff provided Responses to Requests for Admissions acknowledging that the value of his claim exceeded $75,000. *See* Response to Request for Admissions (Exh. 6).

17.

The Plaintiff sought treatment following his January 3, 2020 fall for lower back pain at Ocshner Main Campus. According to the certified medical records of Ochsner, the MRI taken on February 26, 2020 revealed a disc bulge with spinal stenosis at L3-4 and mild spinal stenosis at L4-5. *See* Ochsner record at OHC 0002, 833 (Exh. 7). He received pain management services for his complaints of lower back pain, including lumbar epidural steroid injections on October 7, 2020 and on April 28, 2021. *Id* at OHC 00071-73, 338-339. The total charges from Ochsner for Plaintiff's treatment between January 15, 2020 and May 12, 2021 were $15,482.86. *Id* at OHC 00018-26. Defendants dispute medical causation, particularly because Mr. Marcev had a prior accident and litigated claim involving lower back injuries and treatment. However, what is in "dispute" in this case is a lower back condition that allegedly required pain management interventions.

18.

If the original pleading is silent regarding damages, the defendant may remove the case within thirty days of receiving notice through "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." *McDaniel v. Home Depot USA, Inc.*, 2007 WL 4144956, *1 (E.D. La. 11/20/07)(citing 28 U.S.C. §1446(b)).  A discovery response may constitute an "other paper" under the federal removal statute, notifying defendant of an action's removability and triggering the 30-day removability period. *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed.Appx. 437, 440 (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 1992)).  Here, the

thirty-day period for removal commenced on July 14, 2021, the date that Defendants' counsel received Plaintiff''s Response to Requests for Admissions that the value of his claim exceeds $75,000 exclusive of interest and costs. Plaintiff's response to the Request for Admission was clear and unequivocal. Thus, the foregoing removal is timely filed.

19.

While Defendants dispute the issue of damages, general damages and medical expenses (past and future) could exceed the $75,000 threshold. For instance, the Louisiana First Circuit Court of Appeal affirmed general damages of $75,000 to a 35-year-old man who was involved in an automobile accident. *See Hebert v. Boesch*, 194 So.3d 798, 805-806 (La. App. 1 Cir. 6/3/16). In that case, Mr. Hebert received chiropractic care for neck and back pain. *Id* at 804. MRI scans revealed bulges at C6-7 and L4-5 for Mr. Hebert and an orthopedic surgeon suggested that he receive medication, physical therapy, and home exercises. *Id*. Mr. Hebert was offered epidural steroid injections but chose to receive the medications and physical therapy instead. *Id*. Thus, the $75,000 was affirmed for Mr. Hebert who received non-surgical treatment for neck and back injuries, which would put a similar damage award to Mr. Marcev at issue since Mr. Marcev fits a similar criteria: (1) 36-old man; (2) diagnosis of disc bulges, and (3) offered epidural steroid injections.  Since Mr. Marcev has past medical expenses of $15,482.86, his total damages would arguably exceed the $75,000 jurisdictional threshold.

20.

 Promptly after the filing of the Notice of Removal, Defendants served written notice upon the adverse parties, through their attorney of record and/or at their last known addresses, a copy of the Notice of Removal being filed with the Clerk of Court for the 22nd

Judicial District Court for the Parish of St. Tammany, to effect removal of this action, all in conformity with 28 USC §1446.

WHEREFORE, Defendants, DH Pace Company, Inc. and Zurich American Insurance Company, pray that the above-described civil action be removed from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to this Honorable Court for a determination as provided by law; that this Court enter such orders and issue such processes as may be necessary and proper to bring before it a copy of all records in the proceeding presently pending before the aforesaid state court, and thereafter proceed with the civil action as if it were originally commenced in this Court, and for all necessary and appropriate orders and decrees in accordance with the applicable law.

    Respectfully submitted,

    **GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

**BY:**   */s/ Gino R. Forte*
      **WADE A LANGLOIS, III (Bar #17681)**
      **GINO R. FORTE (#29190)**
      401 Whitney Ave., Suite 500
      Gretna, LA  70056
      Telephone:  (504) 362-2466
      Fax:  (504) 362-5938
      Email: wlanglois@grhg.net
           gforte@grhg.net
      *Counsel for Defendants, Marcus Theatres Corporation and Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of July 2021, the foregoing pleading was filed electronically with the Clerk using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

    */s/ Gino R. Forte*
    GINO R. FORTE